UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiff/Counterclaim Defendant. | CASE NO. C09-5088BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendant's motion for the reasons stated herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a Washington nonprofit corporation comprised of landlords who own and operate manufactured home properties in Washington. *See* Dkt. 39.

ORDER - 1

1  This matter arises over a dispute regarding two insurance policies that Plaintiff
2  purchased from Defendant. The type of insurance policy is referred to as "claims made
3  and reported." The first policy covered Plaintiff during the period of February 12, 2001
4  until February 12, 2004. *See* Dkt. 39, Ex. A. The second policy covered Plaintiff between
5  the period of February 12, 2004 until February 12, 2007. *See id.*, Ex B.

These policies each contained the same provision about when a claim must be filed in order to obtain coverage under the terms of the insurance agreement. The pertinent provision to the contract is 6(A), which provides:

> A. The **Corporation** and the **Insured(s)** shall as a condition precedent to the right to be indemnified under this policy give to the Insurer notice in writing of any claim(s) made against the **Corporation** or the **Insured(s)** as soon as practicable and during the **Policy Period** or Discovery Period. Claim(s) first made and reported during the Discovery Period shall be treated as a claim(s) made during the **Policy Year** immediately preceding the Discovery Period.

Dkt. 38, Appendix ¶ 6.

In January 2004 Plaintiff was sued in litigation that underlies this matter. Dkt. 38 at 6. Plaintiff claims this underlying litigation was commenced within one week of the expiration of the first of Plaintiff's two policies. The underlying litigation was initially resolved by the entry of summary judgment in favor of Plaintiff. *See Holiday Resort Cmty. Ass'n v. Echo Lake*, 134 Wn. App. 210, 135 P.3d 499 (2006). The Washington State Court of Appeals reversed the trial court's ruling in *Holiday*. *See id*. The Supreme Court of Washington denied review on July 10, 2007. *Holiday*, 160 Wn.2d 1019, 163 P.3d 763. The matter is still in active litigation as of the filing of these pleadings. *See* Dkt. 33 at 8.

The parties dispute when notice was provided to Defendant regarding the underlying litigation involving Plaintiff. Defendant contends notice was given in November 2007, long after the expiration of the first policy and approximately nine months after the second policy expired. Plaintiff contends notice was given on August 22, 2007, which is still over six months after the expiration of the second policy and years

after the expiration of the first policy. Defendant moves for summary judgment on the issue of whether it owes Plaintiff coverage under the terms of Plaintiff's two claims-made policies. The parties also dispute the following issues: whether (1) the terms of the contract are ambiguous; (2) the "notice-prejudice rule" applies to the policy(ies) at issue; (3) the Washington Supreme Court would not decide this case in favor of Defendant; and (4) even if Plaintiff is unsuccessful in surviving Defendant's summary judgment motion, Plaintiff claims Defendant is liable for failing to comply with the relevant Washington Administrative Codes ("WAC").

This action was originally filed in state court, but Defendant removed to federal district court based on diversity jurisdiction. Dkt. 1. Defendant filed an answer and counterclaim to the complaint on February 24, 2009. Dkt. 5. On August 27, 2009, Defendant filed a corrected motion for summary judgment. Dkt. 33. On September 14, 2009, Plaintiff filed a response to the motion for summary judgment. Dkt. 38. On September 18, 2009, Defendant filed a reply to the response. Dkt. 43.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if

there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendant's Motion**

Defendant moves this Court to enter summary judgment against Plaintiff in this matter. Dkt. 33. Defendant claims that Plaintiff failed to satisfy the condition precedent of Plaintiff's insurance agreement with Defendant. *Id*. Defendant argues that such failure is fatal to any claim of coverage against it that Plaintiff may have purchased under the policies. *Id*. Plaintiff counters, in opposition, that (1) the terms of the contract are ambiguous; (2) the "notice-prejudice rule" applies to the policy(ies) at issue; (3) the Washington Supreme Court would not decide this case in favor of Defendant; and (4) even if Plaintiff is unsuccessful in surviving Defendant's summary judgment motion, Plaintiff asserts Defendant is still liable for failing to comply with the relevant WACs.

As a threshold matter, before the Court can determine whether summary judgment is proper in this case, it must first decide whether Plaintiff's assertions have merit.

### 1. Ambiguous Terms

"Interpretation of an unambiguous contract is a question of law." *Mayer v. Pierce County Medical Bureau, Inc.*, 80 Wn. App. 416, 420 (1995). But where a policy provision is ambiguous, it is construed against the insurer and the court applies the interpretation most favorable to the insured. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869 (1990). Courts interpret insurance contracts as an average insurance purchaser would understand them. *Kirsch v. Ins. Co. of N. America*, 125 Wn.2d 164, 170, 883 P.2d 308 (1994). In doing so, courts give undefined terms in such contracts their "plain, ordinary, and popular" meaning. *Id.* (citing *Boeing*, 113 Wn.2d at 877). Ambiguity exists only "if the language on its face is fairly susceptible to two different but reasonable interpretations." *Washington Pub. Util. Dists. Utils. Sys. v. PUD 1*, 112 Wn.2d 1, 11, 771 P.2d 701 (1989).

Here, Plaintiff contends that the provision of both policies concerning when a claim must be reported to Defendant is ambiguous. Dkt. 38 at 12. The policies provide that as a "condition precedent to the right to be indemnified" the corporation (Plaintiff) and the insureds must give "notice in writing of any claim(s) made . . . as soon as practicable and during the policy period." *Id*. Plaintiffs assert these two requirements, practicability and "during the policy period," are "contradictory and not capable of being complied with by the insured." *Id*. As an example, Plaintiff notes that it may not always be practicable to report notice of a claim filed against the insured during the policy period. Plaintiff contends that Mr. Spencer (executive director for Plaintiff), as a non-lawyer and, therefore, the average purchaser of insurance, did only what a prudent person would do when confronted with a lawsuit, which was to hire a lawyer rather than filing a claim with his insurance carrier. Further, Plaintiff claims it was not practicable to notify the insurer until after summary judgment had been reversed because that was the first moment when the Plaintiff should have known that a viable claim had been filed against it. *See id*. at 14.

The Court finds Plaintiff's contention unavailing. The express purpose of the claims-made policies purchased by Plaintiff was to "insure[ ] against loss arising from a wrongful act alleged in any claim(s) first made and reported to the insurer during the policy period or discovery period (if applicable)." Dkt. 39, Ex. A. at 16. Further, the conjunctive language of the disputed proviso is unambigous: one must, "as a condition precedent to the right to be indemnified under this policy give to the Insurer *notice in writing of any claim(s) made* against the Corporation or the Insured(s) . . . ." *Id.* (appendix at proviso 6(a) (emphasis added)). This provision counters Plaintiff's assertion that it was justified in waiting to alert Defendant until remand in the underlying litigation occurred. The provision requires the insured to give written notice when claims are made against it, not after months or years of litigation occurs. Indeed other courts have found such provisions to be unambigous and the Court has no reason to disagree. *See, e.g.*, *Pizzini v. American Intern. Specialty Lines Ins. Co.*, 210 F. Supp.2d 658, 668 (E.D. Pa. 2002) (finding comparable notice provisions in claims and reported policy "clear and unambiguous"); *Checkrite Ltd., Inc. v. Illinois Nat. Ins. Co.*, 95 F. Supp. 2d 180, 192-93 (S.D.N.Y. 2000) (not finding ambiguity in comparable provisions); *AM. Cas. Co. v. Continisio*, 17 F. 3d 62, 68-69 (3rd Cir. 1994) (finding no ambiguity in the policy language and that requiring a formal notice of claim comports with claims-made policies). The Court agrees with and adopts the reasoning of these courts.

Therefore, the Court finds the language of the contract in dispute to be unambiguous because the language is not subject to more than one reasonable interpretation: if the insured fails to provide such written notice as soon as practicable and during the policy period, then coverage is precluded.

**2.    "Notice-Prejudice" Rule**

Whether the "notice-prejudice" rule applies to claims made and reported policies, such as the policies at issue here, is a proper subject for summary judgment. *Safeco Title Ins. Co. v. Gannon*, 54 Wn. App. 330, 774 P.2d 30 (1989), *review denied*, 113 Wn.2d

1026, 782 P.2d 1069 (1989). *Gannon*, a declaratory judgment action, involved an escrow agent seeking entitlement under a claims-made policy to defense coverage in a related action. *Id*. at 333. The provision in question provided as follows:

> If during the Policy Period . . . the Insured shall become aware of any fact or circumstance which may give rise subsequently to a claim hereunder and gives written notice to the Company during such period, then any subsequent claim made against the Insured arising out of such fact or circumstance shall, for the purposes of this policy, be deemed to have been first made during the policy period.

*Id*. at 335. The Washington State Court of Appeals noted that while the record established that the appellant knew of facts and circumstances that gave rise to a claim against him, the record also established that the appellant failed to give notice to the insurer during the policy period. *Id*. at 335. The court held, accordingly, that the appellant was not entitled to coverage. *Id*. at 341.

The Court finds that the provision in question in *Gannon* and the relevant facts are analogous to those presented in this matter. Further, like here, the appellant in *Gannon* argued that the notice/prejudice rule prevents the insurer from denying coverage. *See id*.; *see also* Dkt. 38 at 15. The *Gannon* court, in addressing the notice/prejudice rule stated that:

> The notice/prejudice rule requires carriers, in order to exclude coverage because of an insured's failure to comply with the policy's notice requirement, to show actual prejudice resulting from lack of notice. . . . The rule applies to the notice provisions usually found in cooperation clauses, which exclude coverage if the insured fails to notify the insurer of accidents or occurrences in a timely manner.
>
> * * *
>
> Claims-made policies . . . require that notification to the insurer be within a reasonable time. Critically, however, claims-made policies require that [ ] notice be given *during the policy period* itself. When an insured becomes aware of any event that could result in liability, then it must give notice to the insurer, and that notice must be given "within a reasonable time" or "as soon as practicable" - at all times, however, during the policy period.
>
> With claims-made policies the very act of giving an extension of reporting time after the expiration of the policy period, . . . [would negate] the inherent difference between the [occurrence policies and claims-made policies]. Coverage depends on the claim being made and reported to the insurer during the policy period. If the claim is reported to the insurer during the policy period, then the carrier is legally obligated to pay; if the claim is not reported during the policy period, no liability attaches. If a

ORDER - 7

> court were to allow an extension of coverage of reporting time after the end of the policy period, such is tantamount to an *extension of coverage* to the insured gratis, something for which the insurer has not bargained. This extension of coverage, by the court, so very different from a mere condition of the policy, in effect rewrites the contract between the two parties. This we cannot and will not do.

*Id*. at 336-38 (citations omitted). In holding that the notice/prejudice rule does not apply to claims-made policies, the court noted it was against public policy to hold otherwise. *Id*. at 339.

Plaintiff contends that public policy has shifted in Washington and that the *Gannon* case, which has been good law in Washington since 1989, should not be followed by the Court. While the Court is not persuaded by Plaintiff's argument, it considers its contention for want of thoroughness in this summary judgment order.

### 3. Washington Precedent

Where a federal court sits in diversity jurisdiction, it must apply the state substantive law. *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938). "As a general rule, state law announced by the highest court of the State is to be followed." *Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 915 (9th Cir. 2007) (internal citation and quotes omitted). Where the state supreme court has not had occasion to decide such an issue, the district court may look to a state appellate court decision that is on point as persuasive authority in the matter. *West v. American Te. & Tel. Co.*, 311 U.S. 223, 237-38 (1940); *see also Golden West Refining Co. v. SunTrust Bank*, 538 F.3d 1233, 1237 (9th Cir. 2008). Here, it is undisputed that the Washington State Supreme Court has not had occasion to decide a case on the subject presented. Thus, the Court is permitted to look to the Washington Court of Appeals for persuasive authority.

As discussed above, *Gannon* is nearly on all fours with the instant matter. The *Gannon* court rejected the notice/prejudice rule in the context of claims-made and reported polices. 54 Wn. App. at 337. Nonetheless, Plaintiff contends that *Gannon* should not be followed. Plaintiff asserts that the insurance market has dramatically shifted since the ruling in *Gannon*, some twenty years ago. Relying on another Washington case,

Plaintiff asserts that while *Gannon* stands for the proposition that occurrence policies and claims-made policies should be treated differently, this is not always the case. *See* Dkt. 38 at 15 (relying on *American Continental Ins. Co. v. Steen*, 151 Wn.2d 512, 91 P.3d 864, 867 (2004)). But Plaintiff's reliance on *Steen* is misplaced.

To begin with, *Steen* cites to *Gannon* with approval. More importantly, *Steen* concerned a Washington statute, RCW 48.18.320, which precluded "any agreement between the insured and the insurer to retroactively annul an insurance policy after the occurrence of an event for which the insurer may be liable." *Id.* at 519 (internal quotations omitted). Here, we are not presented with a retroactive annulment, nor is there a statute controlling the provision at issue. In short, *Steen* does not support Plaintiff's argument that *Gannon* should not control. Perhaps more compelling is that *Gannon* has stood without change for twenty years. The Washington Legislature has had ample time to enact a statute to prevent further application of the *Gannon* decision, and Plaintiff has not cited to any such legislation.

Plaintiff puts forth several other cases in effort to undermine the longstanding import of *Gannon*. *See, e.g.*, *Public Utility District No. 1 of Klickitat County v. International Ins. Co.*, 124 Wn.2d 789, 881 P.2d 1020 (1994) (not involving a claims-made and reported policy); *Mut. Of Enumclaw Ins. Co. v. U.S.F. Ins. Co.*, 164 Wn.2d 411, 191 P.3d 866 (2008) (not discussing claims-made policies or *Gannon*). While Plaintiff does cite several cases showing that changes in the insurance market may have occurred in the past twenty years, the Court cannot simply disregard *Gannon* on this basis.

Plaintiff next argues that there is a split of authority among the courts regarding whether or not the notice/prejudice rule is operable on claims-made insurance policies. *See* Dkt. 38 at 17. But, as Defendant correctly points out, this argument mischaracterizes the term "split." However, the Court must only be concerned with a split among the appellate courts in Washington. In such a case, the Court would certify a question to the

Washington State Supreme Court as the rule in Washington would be unresolved or unclear. Since no such split exists in Washington, Plaintiff's "split of authority" argument fails.

Finally, Plaintiff contends that public policy in Washington does not favor Defendant's interpretation of the law and the applicability of *Gannon*. *See id*. Plaintiff claims that WAC 284-30-350(4) "clearly establishes it is the public policy of Washington that prejudice to the insurer's rights is required before a claim can be denied on the basis of failure to give notice within a specified time limit." Dkt. 38 at 17. But the actual langue of WAC 284-30-350(4) is in direct contrast to Plaintiff's claim. It provides, in relevant part, that "[n]o insurer shall, *except where there is a time limit specified in the policy*, [require] the claimant to give written notice of loss or proof of loss within a specified time limit . . . unless the failure to comply with such time limit prejudices the insurer's rights. WAC 284-30-350(4) (emphasis added). This proviso supports a policy contrary to that asserted by Plaintiff. Plaintiff attempts to argue that there is no "specific time under the policy to give notice." This argument disregards the previously discussed principle that claims-reported clauses require notice to be given when practicable after the claim becomes known to the insured and during the policy's effective period.

In short, the Court finds *Gannon* to be persuasive and adopts its reasoning in this matter for several reasons. The case has stood for twenty years, the Washington State Supreme Court denied review in *Gannon*, and, to this Court's knowledge, the Washington State Legislature has yet to enact a contrary statute. Because Plaintiff failed to provide timely notice to Defendant, there is no coverage owed by Defendant under the policies purchased by Plaintiff.

### 4. Existence of a Material Fact

Based on the foregoing, the only issue the Court must address with respect to the policy provision in question is whether there is a issue of material fact that precludes the entry of summary judgment in favor of Defendant. The critical question is whether

Plaintiff provided timely notice, the condition precedent to invoking the provisions of Plaintiff's insurance policy. If not, Plaintiff cannot claim coverage from Defendant for the underlying litigation.

Here, the parties dispute whether notice was timely. *Compare* Dkt. 33 with Dkt. 38. The parties dispute the date on which Defendant was put on notice of the underlying litigation. *Id*. Plaintiff argues it put Defendant on notice on August 22, 2007. Dkt. 38 at 8. Defendant, on the other hand, asserts proper notice was delivered in November of 2007. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. *T.W. Elec. Service, Inc*., 809 F. 2d at 630. In so doing, the Court finds that this discrepancy is not material to the resolution of Defendant's motion for summary judgment. Relevant here are the dates on which the policies terminated and the date on which the underlying litigation was filed. These dates are not in dispute. *Compare* Dkt. 33 with Dkt. 38. The first policy's coverage began February 12, 2001 and ended February 12, 2004. Dkt. 38 at 4. The second policy's coverage began February 12, 2004 and ended February 12, 2007. The underlying litigation was filed in January of 2004. It is evident from these dates that even taking the date of notice asserted by Plaintiff, August 22, 2007, Plaintiff still failed to provide notice during the effective policy period. Moreover, Plaintiff failed to provide any notice until, at the earliest, August 22, 2007, which was well over three years after the first policy expired and approximately six months after the second policy expired.

Because Plaintiff failed to provide timely notice to Defendant of the early 2004 claim filed against it, coverage is precluded under the terms of the insurance contracts.

**5. WAC Violations**

Plaintiff claims Defendant "violated the trade practices required by the [WAC]." Dkt. 38 at 22 (capitalization edited). Plaintiff contends that the Court can rule on such matters regardless of its ruling on the summary judgment motion. But, Plaintiff's own

amended complaint limits the allegations to whether Defendant owes a duty to defend or indemnify Plaintiff. Dkt. 26, ¶¶ 8-11. Fed. R. Civ. P. 8(a) requires Plaintiff to provide Defendant notice of the claims lodged in order for Defendant to adequately prepare a defense. Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement). It is improper, therefore, in a motion for summary judgment, to bring new claims of liability. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1313 (11th Cir. 2004) (holding it improper to assert new claims for relief on a summary judgment motion). Plaintiff has other rules at its disposal for bringing claims against Defendant. *See* Fed. R. Civ. P. 15 (permitting a plaintiff to amend his or her complaint).

Therefore, because these claims are not properly before the Court, it declines Plaintiff's invitation to rule on them.

**C.     Conclusion**

The Court finds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law on the issue of coverage under the insurance policies.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion for summary judgment (Dkt. 33) is **GRANTED** as stated herein.

DATED this 2nd day of October, 2009.

BENJAMIN H. SETTLE
United States District Judge